UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1318-GW(FFMx) | Date | May 9, 2019 |
|---|---|---|---|
| Title | *Alvaro Carlos v. Jaguar Land Rover North America, LLC* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie E. Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| John D. Barker | Lauren K. Vandenberg |

**PROCEEDINGS:** PLAINTIFF'S MOTION TO REMAND TO STATE COURT [11]

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would DENY the Motion. Defendant's supplemental brief is to be filed forthwith.

: 05

Initials of Preparer JG

<u>*Carlos v. Jaguar Land Rover N. Am., LLC*</u>, Case No. CV-19-1318-GW-(FFMx)
Tentative Ruling on Motion to Remand to State Court

 

Alvaro Carlos ("Plaintiff") has moved to remand this action, arguing that Jaguar Land Rover North America, LLC ("Defendant") has not satisfied the applicable preponderance-of-the-evidence standard for demonstrating the sufficient amount in controversy ($50,000 or more) for federal question jurisdiction based upon Plaintiff's Magnuson-Moss Warranty Act ("MMWA") claims[1] or ($75,001 or more) for diversity jurisdiction under 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446(c)(2)(B); *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013) ("Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.").

Plaintiff's Complaint reveals the following: On or about December 31, 2016, Plaintiff purchased from Galpin Jaguar Lincoln Inc. a 2017 Jaguar XE for a total of $45,466.60. *See* Complaint ¶¶ 3-4 & Exh. A. Shortly after the purchase, the vehicle experienced various defects that allegedly violate express and written warranties Defendant provided and which "substantially impair[ed] the use, value and/or safety" of the vehicle. *See id.* ¶¶ 6-8, 12. Although Plaintiff offered Defendant sufficient opportunities to repair the vehicle, Defendant was unable to do so within a reasonable number of attempts. *See id.* ¶¶ 9-10.

Plaintiff revoked acceptance of the vehicle in writing on November 1, 2018, when it was "in substantially the same condition as at delivery except for damage caused by its own defects and ordinary wear and tear." *Id.* ¶¶ 14-15. Defendant refused Plaintiff's demand for revocation. *See id.* ¶ 16.

Plaintiff brings two causes of action under the MMWA. He "brings suit for . . . damages and other equitable relief" in accordance with 15 U.S.C. § 2310(d). *See id.* ¶ 29. More specifically, he seeks "[a]pplicable damages pursuant to section 2714 of the Commercial Code, and all

---

[1] *See* 15 U.S.C. § 2310(d)(3)(B) (precluding jurisdiction over MMWA claims in United States district courts where "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit"); *see also Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004); *Critney v. Nat'l City Ford, Inc.*, 255 F.Supp.2d 1146, 1147-49 (S.D. Cal. 2003) (interpreting "all claims" to mean "the sum of all of the individual MMWA claims" and thus rejecting attempt to include value of "pendent state claims" in $50,000 figure).

incidental and consequential damages incurred" and "[a]ll reasonable attorneys' fees, witness fees and all court costs and other costs." *Id.* at 5:13-17, 6:22-7:2.

Plaintiff also brings two causes of action under California's Song-Beverly Consumer Warranty Act ("Song-Beverly"). In connection with those claims, he specifically alleges that, pursuant to California Civil Code § 1793.2, he "is entitled to a refund of the full purchase price of the vehicle, including all collateral charges and finance charges, and a replacement vehicle, plus all attorney fees and costs." *Id.* ¶ 41; *see also id.* at 7:22-8:2; id. at 9:2-4 (requesting "[r]eturn of all monies paid or in the alternative applicable damages pursuant to section 2714 of the Commercial Code, and all incidental and consequential damages incurred"). For the first of his Song-Beverly claims he also specifically requests "[a] civil penalty pursuant to Cal. Civ. Code § 1794(c)." *Id.* at 8:3. That statute provides as follows:

> [i]f the buyer establishes that the failure to comply was willful, the judgment may include, in addition to the amounts recovered under subdivision (a) [providing for recovery of damages and other legal and equitable relief], a civil penalty which shall not exceed two times the amount of actual damages. This subdivision shall not apply in any class action under Section 382 of the Code of Civil Procedure or under Section 1781, or with respect to a claim based solely on a breach of an implied warranty.

Cal. Civ. Code § 1794(c).

Plaintiff argues in his motion that the appropriate calculation of his damages is not the full purchase-price of his vehicle, but instead that reflected in the Seventh Circuit's decision in *Gardynski-Leschuck v. Ford Motor Company*, 142 F.3d 95 (7th Cir. 1998). That calculation takes into account primarily the actual value of the vehicle as-is that the purchaser is attempting to return and the value of the use the purchaser enjoyed while he or she possessed the vehicle. Under that approach, Plaintiff first asserts that his actual damages would amount to approximately $27,919.60 (before changing that figure in his Reply brief to $23,636.65). *See* Docket No. 11, at 7:1-9; Docket No. 14, at 5:4-8. Though he admits, as he must, that he also seeks attorney's fees for both his MMWA and Song-Beverly claims[2] (and that *future* attorney's fees must be included in the

---

[2] Though Plaintiff argues that attorneys' fees may not be considered at all in the Court's amount-in-controversy calculation due to the MMWA's specific language, he offers no such argument with respect to Song-Beverly. *See, e.g.*, *Tranik Enters. Inc. v. AuthenticWatches.com, Inc.*, No. 2:16-cv-02931-SVW-JC, 2017 WL 960022, *4 (C.D. Cal. Mar. 10, 2017); *Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237, 1239 (C.D. Cal. 2005). In any event, as noted below, the Court need not examine attorneys' fees here in order to conclude that the amount-in-controversy for at least diversity jurisdiction is sufficient.

2

calculation, where a statute or contract entitles a plaintiff to such, *see Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788, 794 (9th Cir. 2018)[3]), he does not believe that Defendant has identified a basis in fact for its belief that those fees would bring the amount-in-controversy over the applicable jurisdictional minimum(s). Even though future attorneys' fees may be included in the calculation, Plaintiff correctly observes that Defendant still must prove those future attorneys' fees by a preponderance of the evidence (and "with summary-judgment-type evidence"). *See id.* at 788, 795.[4]

The amount-in-controversy calculation is to encompass "all relief a court may grant on [the operative] complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); *see also Fritsch*, 899 F.3d at 793 ("[T]he amount in controversy is the 'amount at stake in the underlying litigation,' and therefore 'the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.'") (quoting *Chavez*, 888 F.3d at 417-18). *But see Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) ("Plaintiffs did not explicitly request punitive damages, but the potential for such damages may still be considered for purposes of amount in controversy."). Given Plaintiff's request for "a refund of the full purchase price of the vehicle" – i.e., $45,466.60 – *plus* his request for a civil penalty under California Civil Code § 1794(c) – i.e., up to *two times* what he alleges are his full-purchase-price damages, or $90,933.20 – the amount that Plaintiff has put in controversy by way of the allegations in his Complaint is *well over* $75,000 based on his first Song-Beverly claim alone.

That Plaintiff now asserts there is a basis in law (or logic) which may restrict his recovery of actual damages to some lesser figure than the full purchase price[5] does not change the fact that

---

[3] Thus, the Ninth Circuit has "part[ed] ways" with the Seventh Circuit's *Gardynski-Leschuck* decision at least when it came to the question of whether future attorneys' fees should be included in amount-in-controversy calculations. *See Fritsch*, 899 F.3d at 795; *compare Gardynski-Leschuck*, 142 F.3d at 958-59.

[4] The Ninth Circuit has placed its confidence in district courts that they "are well equipped to determine whether defendants have carried their burden of proving future attorneys' fees, and to determine when a fee estimate is too speculative because of the likelihood of a prompt settlement." *Fritsch*, 899 F.3d at 795. "In estimating future attorneys' fees, district courts may likewise rely on 'their own knowledge of customary rates and their experience concerning reasonable and proper fees.'" *Id.* (quoting *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 (N.D. Cal. 2002) ("The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience.").

[5] It is not entirely clear that that Ninth Circuit has adopted *Gardynski-Leschuck*'s approach to the question of recoverable damages, or at least plaintiffs have continued to seek full-purchase-price recoveries in MMWA cases following that decision. *See Freas v. BMW of N. Am., LLC*, 320 F.Supp.3d 1126, 1129 n.2 (S.D. Cal. 2018)

his Complaint *put in controversy* far more than that. *See, e.g.*, *Cain v. Hartford Life & Accident Ins. Co.*, 890 F.Supp.2d 1246, 1249 (C.D. Cal. 2012) ("'The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what a defendant will *actually owe*.'") (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008)) (omitting internal quotation marks). There is therefore no need for the Court to consider whether Plaintiff has also satisfied the amount-in-controversy requirement specific to MMWA claims[6] or whether Defendant has sufficiently established a large enough amount of attorneys' fees in order to take the necessary figure in question over either $50,000 or $75,001.

The Court would deny the motion.[7]

---

(concluding that subject matter jurisdiction exists under MMWA because plaintiff "is seeking to recover at least the approximately $61,000 he paid for the Vehicle"); *Haugland v. Winnebago Indus.*, 327 F.Supp.2d 1092, 1093-94 (D. Ariz. 2004) (calculating amount-in-controversy for MMWA claim as amount of refund sought); *Muller v. Winnebago Indus., Inc.*, 318 F.Supp.2d 844, 846 (D. Ariz. 2004) (same). In any event, as noted above, the MMWA calculations need not even be considered here.

[6] *See Romo v. FFG Ins. Co.*, 397 F.Supp.2d at 1239-41 (concluding that plaintiff can recover civil penalties under MMWA because courts look to applicable state law to inform remedial aspects of MMWA and Song-Beverly authorizes civil penalties of up to two times the amount of actual damages); *see also* Cal. Civ. Code § 1794(c).

[7] There is some uncertainty with respect to the citizenship of Defendant. It is a limited liability company, but in attempting to allege the citizenship of its only member, the Notice of Removal states only that such member, Jaguar Land Rover Limited, is "located in the United Kingdom." Notice of Removal ¶ 10. In other words, the Notice of Removal does not make clear whether Jaguar Land Rover Limited is itself a corporation or whether it is instead a limited liability company (or partnership), nor, if it is a corporation, where it is incorporated and/or where its principal place of business is located. Where Jaguar Land Rover Limited is "located" is not dispositive of any of those uncertainties. The Court would ask Defendant to clear up this issue before it definitively denies remand of this action.